**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JASON NEWMAN,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**SOUTHERN NEW HAMPSHIRE UNIVERSITY CORP.** *and* **LAUNCH SERVICING, LLC,**<br><br>*Defendants.* | CASE NO.:  1:23-cv-1716<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Jason Newman ("Mr. Newman"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Southern New Hampshire University Corp. ("SNHU"), and Launch Servicing, LLC ("Launch Servicing") (jointly, the "Defendants"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action by Mr. Newman against SNHU only for violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"), Regulation Z, 12 C.F.R. § 1026, *et seq*., Indiana's Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-0.1, *et seq*. ("IDCSA"), and for Fraud under Ind. Code § 35-43-5-4, against both Defendants for violations of Indiana's Uniform Consumer Credit Code, Ind. Code § 24-4.5-7-101, *et seq*. ("IUCCC"), and against Launch Servicing only for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction for Plaintiff's TILA and FCRA claims arise under 28 U.S.C. § 1331, as TILA and the FCRA are federal statutes.

Page **1** of **16**

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. The Defendants are subject to the jurisdiction of this Court pursuant Ind. Trial R. 4.4 and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/or caused by the Defendants within the Southern District of Indiana.

**PARTIES**

6. Mr. Newman is a natural person currently residing in Grosse Pointe, Michigan.

7. Mr. Newman is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

8. SNHU is a New Hampshire corporation with a principal address of 2500 N. River Rd, Manchester, NH, 03106.

9. SNHU is the successor-in-interest to the previous for-profit corporation, Kenzie Academy, Inc. ("Kenzie Academy"), which was incorporated in the State of Delaware with its principal place of business in Indianapolis, Indiana.

10. Kenzie Academy was originally registered in the State of Indiana on or about June 13, 2017. Kenzie Academy had its Certificate of Authority revoked on or about March 5, 2022.

11. Southern New Hampshire University registered to do business in the State of Indiana on or about March 31, 2021, as a foreign nonprofit corporation, and remains registered with the Secretary of State of Indiana as of the filing of this Complaint as owner and operator of "Kenzie Academy."

12. Launch Servicing is a Delaware limited liability company with a principal address of 402 W. Broadway, 20th Fl., San Diego, CA 92101.

13. Launch Servicing is registered to conduct business in the State of Indiana, where its registered agent is National Registered Agents, Inc., 2 1/2 Beacon Street, Concord, NH, 03301.

14. Launch Servicing is a furnisher of information to the "big three" consumer reporting agencies, Experian, Equifax and Trans Union.

## FACTUAL ALLEGATIONS

### Mr. Newman's Income Share Agreement

15. From April 2020 through April 2021, Mr. Newman was a student at Kenzie Academy.

16. During this time, Mr. Newman resided in Indianapolis, Indiana.

17. Kenzie Academy billed itself as an online "trade school" – a school which students could obtain certain specialized certifications online.

18. Mr. Newman enrolled at Kenzie Academy for purposes of obtaining a certification in Computer Software Engineering, which he obtained on April 30, 2021.

19. Kenzie Academy offered its students the ability to finance their education through income share agreements ("ISAs") – a financing mechanism whereby Kenzie Academy received a portion of the student's income following the completion of their education program.

20. Mr. Newman entered into an income share agreement with Kenzie Academy on or about January 13, 2020. **SEE PLAINTIFF'S EXHIBIT A.**

21. Mr. Newman's ISA state prominently, at the top "THIS IS NOT A LOAN OR CREDIT."

22. Mr. Newman's ISA stated that the costs of the services Mr. Newman would receive through this ISA were $23,900.00.

23. The full $23,900 was applied to cover Mr. Newman's tuition at Kenzie Academy.

24. To cover these "costs of services," Mr. Newman was required to "share" 13% of his gross monthly income with Kenzie Academy, which "sharing" would continue for 48 payments, for 96 months, or until $41,825.00 had been paid by Mr. Newman.

25. The ISA provided for a deferment period of three months following Mr. Newman's enrollment, after which payments would begin.

26. Mr. Newman made his first payment on September 27, 2022, following a period of deferment.

27. To date, Mr. Newman has paid a total of $6,500.28.

28. SNHU purchased Kenzie Academy in March 2021, to take on their software engineering, user experience design, and business-to-business programs.

29. SNHU is thus the successor-in-interest to Kenzie Academy.

### Launch Servicing's Reporting of the ISA

30. Mr. Newman's ISA was originally serviced by Vemo Education, Inc., a now-defunct entity.

31. Launch Servicing took over as servicer for the account in or around May 2022.

32. Launch Servicing thereafter begin reporting Mr. Newman's ISA to each of Experian, Equifax and Trans Union, monthly.

33. Launch Servicing reported the ISA as an *education loan* with an original balance of $41,825.

34. This is false, as an income share agreement does not have an original balance, as repayment of any amount is contingent on continued employment and an income above the minimum threshold.

35. In January 2023, Mr. Newman disputed Launch Servicing's reporting of his ISA to each of Experian, Equifax and Trans Union.

36. Mr. Newman indicated in his disputes that Launch Servicing's reporting of the ISA was inaccurate, as the account did not have an original balance of $41,825.

37. Upon information and belief, Equifax, Experian, and Trans Union, upon receipt of Mr. Newman's disputes, each sent an *Automated Consumer Dispute Verification* Request ("**ACDVs**") to Launch Servicing, thereby requesting that Launch Servicing conduct a reasonable investigation into Mr. Newman's dispute.

38. Launch Servicing completed its investigations into Mr. Newman's disputes, verifying its reporting of the ISA as accurate to each CRA.

39. Launch Servicing did not update its reporting of the ISA to accurately reflect that repayment was contingent, and that there was not a static balance of over $40,000.

40. Mr. Newman again disputed Launch Servicing's reporting of the ISA in July 2023, reiterating that the ISA did not have an original balance of $41,825, or a current balance of $39,307.

41. Launch Servicing again completed its investigations into Mr. Newman's disputes, verifying its reporting of the ISA as accurate to each CRA.

42. Launch Servicing did not update its reporting of the ISA to accurately reflect that repayment was contingent, and that there was not a static balance of over $40,000.

43. Launch Servicing's investigations into Mr. Newman's disputes were therefore unreasonable, as any reasonable investigation would have determined that the reporting of the ISA with an original balance of $41,825, and a current balance of $39,307, was false.

44. Launch Servicing's inaccurate reporting of the ISA affects Mr. Newman's debt to income rations, therefore causing Mr. Newman damage to his credit history and affecting his ability to apply for and obtain credit.

### The ISA Amounts to a Private Education Loan

45. While Kenzie Academy claimed in bold lettering that Mr. Newman's ISA was not a loan, The Consumer Financial Protection Bureau ("CFPB") and other state equivalent agencies have found that these sorts of agreements are "loans" as defined by federal and state statutes and regulations.

46. In January 2022, the CFPB updated its examination procedures for private student lending to explicitly reference ISAs.

47. In March 2022, the U.S. Department of Education (specifically, the Office of Postsecondary Education) reminded all colleges and other entities involved in recommending, promoting, or endorsing private education loan products that they must comply with existing consumer protection requirements for preferred lender arrangements established under the Higher Education Act.

48. From the U.S. Department of Education's perspective, as of March 2022 through today, ISAs used to finance expenses for postsecondary education are considered private education loans for the purposes of the Department's rules on preferred lender arrangements. 20 U.S.C. § 1019.

49. Indeed, the ISA provided Mr. Newman with funds to cover the expenses of post-secondary education, which he was then required to repay, plus interest.

50. The ISA thus amounts to a private education loan under TILA, 15 USC § 1650(a)(8).

51. The Defendants are "private educational lenders" under TILA, 15 U.S.C. § 1650(a)(7)(C), because they are each "engaged in the business of soliciting, making, or extending private education loans."

52. On information and belief, Kenzie Academy styled its education loans as ISAs in an attempt to avoid state usury laws, and other lending regulations.

53. Paying a total of $41,825 over a four-year period, on a loan with a principal of $23,900, equates to an Annual Percntage Rate exceeding 30% - rates deemed illegal in most states.

54. Likewise, a majority of states, including Indiana, where Kenzie Academy was domiciled, require a license to issue and collect a loan.

55. Kenzie Academy failed to obtain any such license, and thus had no legal ability to make a loan to Mr. Newman.

56. Mr. Newman's ISA was thus void under Indiana law.

57. As a result of the Defendants' conduct, Mr. Newman has made payments on a void loan.

58. Mr. Newman has also suffered significant emotional distress upon learning that Kenzie Academy did not have the legal authority to issue the ISA to him.

### Mr. Newman's Request for a Refund

59. On or about January 31, 2023, Mr. Newman sent written correspondence to Kenzie Academy formally requesting a refund of the amounts he paid towards the ISA. **SEE PLAINTIFF'S EXHIBIT B.**

60. Mr. Newman also sent written correspondence to Launch Servicing requesting a refund.

61. Launch Servicing responded to Mr. Newman's request, denying it. **SEE PLAINTIFF'S EXHIBIT C.**

62. Mr. Newman has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATION OF TILA - 15 U.S.C. § 1650(E)
## SNHU ONLY

63. Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

64. TILA prohibits "private educational lenders" from "impos[ing] a fee or penalty on a borrower for early repayment or prepayment of any private education loan." 15 U.S.C. § 1650(e).

65. Mr. Newman's ISA calculated the Payment Cap as 1.75x the ISA Amount.

66. Mr. Newman could only prepay the ISA by paying the Payment Cap, not the ISA Amount, plus a growth component.

67. The Payment Cap thus amounts to a prepayment penalty on a private education loan in violation of 15 U.S.C. § 1650(e).

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against SNHU, ordering:

a. Damages of twice the finance charge, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), or Mr. Newman's actual damages, whichever are greater;

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3); and

c. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF REGULATION Z
## SNHU ONLY

68. Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

69. Mr. Newman's ISA provided him with the ability to defer payment of his tuition at Kenzie Academy.

70. Mr. Newman's ISA therefore meets the definition of "Credit" under Regulation Z, 12 C.F.R. § 1026.2(a)(14).

71. Mr. Newman's ISA was extended to him for the purpose of covering his tuition at Kenzie Academy – postsecondary education.

72. Mr. Newman's ISA was therefore a "private education loan" under Regulation Z, 12 C.F.R. § 1026.46(b)(5).

73. 12 C.F.R. § 1026.18(b) requires creditors to disclose the amount financed, using that term.

74. 12 C.F.R. § 1026.18(d) requires creditors to disclose the finance charge, using that term.

75. 12 C.F.R. § 1026.18(e) requires creditors to disclose the annual percentage rate, using that term.

76. 12 C.F.R. § 1026.47(a)-(b) requires the creditor of a private education loan to disclose, on or with a solicitation or an application for a private education loan, a statement that if the consumer files for bankruptcy, the consumer may still be required to pay back the loan.

77. Mr. Newman's ISA did not contain *any* of the disclosures required by 12 C.F.R. §§ 1026.18(b), (d) and (e), and 12 C.F.R. § 1026.47(a)(3)(iv).

78. SNHU is the successor in interest to Kenzie Academy, and thus violated Regulation Z.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against SNHU, ordering:

    a.    Damages of twice the finance charge, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), or Mr. Newman's actual damages, whichever are greater;

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3); and

    c.    Such other relief that this Court deems just and proper.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-502**</u>
<u>**SNHU ONLY**</u>

79.    Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

80.    Mr. Newman's ISA involved the creation of a debt by Kenzie Academy by virtue of Kenzie Academy's agreement to pay Mr. Newman's tuition.

81.    Mr. Newman's ISA thus meets the definition of a "loan" under Ind. Code § 24-4.5-3-106.

82.    Mr. Newman's ISA also meets the definition of a "consumer loan" under Ind. Code § 24-4.5-1-301.5, as:

    a.    Mr. Newman is not an organization;

    b.    Mr. Newman utilized the funds from the ISA for his personal education;

    c.    The ISA contained a finance charge and was payable in installments; and,

    d.    The principal of the ISA, the "ISA Amount," did not exceed the exempt threshold amount.

83.    Ind. Code § 24-4.5-3-502 requires that any person engaged in the making of consumer loans obtain a license.

84.    SNHU failed to obtain any such license.

85.    Mr. Newman's ISA was thus void under Indiana Law. Ind. Code § 24-4.5-5-202(2).

86. Mr. Newman has paid $6,500.28 towards the void ISA.

87. In January 2023, Mr. Newman demanded a refund of the $6,500.28 collected by SNHU and was refused.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against SNHU, ordering:

a. Damages of all amounts paid by Mr. Newman towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

b. Additional damages of up to ten times the amount of the excess charge (totaling $65,002.80) for SNHU's failure to issue a refund to Mr. Newman, pursuant to Ind. Code § 24-4.5-5-202;

c. Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202; and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-502
## LAUNCH SERVICING ONLY

88. Mr. Newman adopts and incorporates paragraphs 1 – 62 and 80-82 as if fully stated herein.

89. Launch Servicing received an assignment of Mr. Newman's ISA from Kenzie Academy.

90. Launch Servicing was therefore required to obtain a license pursuant to Ind. Code § 24-4.5-3-502.

91. Launch Servicing accepted $6,500.28 in payments from Mr. Newman towards his ISA, without authority to do so.

92. In January 2023, Mr. Newman demanded a refund of the $6,500.28 collected by Lauch Servicing and was refused.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against Launch Servicing, ordering:

a.  Damages of all amounts paid by Mr. Newman towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

b.  Additional damages of up to ten times the amount of the excess charge (totaling $65,002.80) for Launch Servicing's failure to issue a refund to Mr. Newman, pursuant to Ind. Code § 24-4.5-5-202;

c.  Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202; and,

d.  Such other relief that this Court deems just and proper.

## COUNT V
## VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-202
## BOTH DEFENDANTS

93. Mr. Newman adopts and incorporates paragraphs 1 – 62 and 80 – 82 as if fully stated herein.

94. Ind. Code § 24-4.5-3-201(1) provides that "with respect to a consumer loan, a lender may contract for a loan finance charge, calculated according to the actuarial method, not exceeding twenty-five percent (25%) per year on the unpaid balances of the principal."

95. Ind. Code § 24-4.5-3-202 provides the only permissible fees in addition to the loan finance charge.

96. Ind. Code § 24-4.5-3-202 does not permit an early termination fee.

97. Mr. Newman's ISA's penalty on early repayment thus violated Ind. Code § 24-4.5-3-202.

98. The Defendants are "lenders" under Article 4.5 and knowingly made charges in excess of those permitted by Article 4.5; to wit: a fee or penalty on a borrower for early repayment or prepayment on a private education loan.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against the Defendants, ordering:

    a. Damages of all amounts paid by Mr. Newman towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

    b. Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202; and,

    c. Such other relief that this Court deems just and proper.

**COUNT VI**
**FRAUD IN VIOLATION OF IND. CODE § 35-43-5-4**
**SNHU ONLY**

99. Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

100. Kenzie Academy committed criminal fraud by knowingly or intentionally (a) making a false or misleading statement and/or (b) by creating a false impression in Mr. Newman with the intent to obtain property – specifically U.S. currency – to which they were not entitled.

101. Specifically, Kenzie Academy knowingly or intentionally represented that Mr. Newman's ISA was not a loan and that the Defendants had the legal authority to issue and collect the ISA, when they were not licensed to do so.

102. SNHU is the successor in interest to Kenzie Academy, and is thus liable for the above conduct.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against SNHU, ordering:

    a. Treble damages pursuant to Ind. Code § 34-24-3-1(1);

  b.  Reasonable costs and attorneys' fees pursuant to Ind. Code §§ 34-24-3-1(2) & (3);

  c.  Such other relief that this Court deems just and proper.

## COUNT VII
## VIOLATION OF THE IDCSA, IND. CODE § 35-43-5-4
## SNHU ONLY

103. Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

104. Kenzie Academy provided a service to Mr. Newman in the form of post-secondary education.

105. Kenzie Academy solicited these services by offering to pay tuition via an ISA.

106. Mr. Newman's execution of the ISA to cover his tuition at Kenzie Academy thus amounts to a "Consumer transaction" pursuant to Ind. Code § 24-5-0.5-2.

107. Kenzie Academy provides both the education and income share agreements for funding.

108. Kenzie Academy thus amounts to a "supplier" pursuant to Ind. Code § 24-5-0.5-2.

109. Kenzie Academy committed an unfair and deceptive act by falsely asserting that Mr. Newman's ISA was not a loan, and that the Defendants had the legal authority to issue and collect the ISA, when they were not licensed to do so.

110. Mr. Newman relied on Kenzie Academy's deceptive act in entering into the ISA and enrolling at Kenzie Academy.

111. Kenzie Academy's conduct was willful and intentional, as Kenzie Academy utilized ISAs in an attempt to avoid state lending and usury laws.

112. SNHU is the successor in interest to Kenzie Academy, and is thus liable for the above conduct.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against SNHU, ordering:

a.  Treble damages pursuant to Ind. Code § 24-5-0.5-4(a)(1);

b.  Statutory damages of $1000 pursuant to Ind. Code § 24-5-0.5-4(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-5-0.5-4(a)(2); and,

d.  Such other relief that this Court deems just and proper.

### COUNT VIII
### VIOLATION OF THE FCRA, 15 U.S.C. § 1681s-2(b)
### LAUNCH SERVICING ONLY

113.   Mr. Newman adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

114.   Launch Servicing violated 15 U.S.C. § 1681s-2(b) when it failed, on at least six separate occasions, after receiving notice of dispute from a consumer reporting agency, to conduct a reasonable investigation into a dispute from Mr. Newman.

115.   Specifically, Launch Servicing verified its reporting of an original and current balance of Mr. Newman's ISA, when the ISA did not have a balance.

116.   Launch Servicing was aware, or should have been aware, of the nature of the accounts it was servicing for SNHU/Kenzie Academy.

117.   Launch Servicing's conduct was willful, and as a result, Mr. Newman is entitled, pursuant to 15 U.S.C. § 1681n, to the greater of his actual damages and $1000 in statutory damages per violation, reasonable attorneys' fees, and costs.

118.   Alternatively, Launch Servicing's conduct was negligent, and as a result, Mr. Newman is entitled, pursuant to 15 U.S.C. § 1681o, to his actual damages reasonable attorneys' fees, and costs.

**WHEREFORE**, Mr. Newman respectfully requests this Honorable Court enter judgment against Launch Servicing, ordering:

a. The greater of Mr. Newman's actual damages and statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Newman's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Newman hereby demands a jury trial on all issues so triable.

Respectfully submitted this September 25, 2023, by:

**SERAPH LEGAL, P. A.**

*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
Tbonan@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A. Mr. Newman's Income Share Agreement
B. Mr. Newman's Letters to Kenzie & Launch
C. Kenzie's Response Letter to Mr. Newman