UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JASON NEWMAN,**<br><br>    *Plaintiff,*<br><br>vs.<br><br>**SOUTHERN NEW HAMPSHIRE UNIVERSITY CORP.** *and* **LAUNCH SERVICING, LLC,**<br><br>    *Defendants.* | CASE NO.: 1:23-cv-01716-SEB-MG |

**JOINT PROPOSED CASE MANAGEMENT PLAN**

I. <u>**Parties and Representatives**</u>

    A.    Jason Newman, Plaintiff
               Southern New Hampshire University, Defendant ("SNHU")
               Launch Servicing, LLC, Defendant ("Launch Servicing")

    B.    Bryan J. Geiger
               Seraph Legal, P.A.
               2124 W. Kennedy Blvd., Ste. A
               Tampa, FL 33606
               P: (813) 321-2348
               BGeiger@seraphlegal.com
               Counsel for Plaintiff

               Thomas M. Bonan
               Seraph Legal, P.A.
               2124 W. Kennedy Blvd., Ste. A
               Tampa, FL 33606
               P: (813) 321-2347
               TBonan@seraphlegal.com
               Counsel for Plaintiff

               Jason M. Covert
               Taft Stettinius & Hollister LLP
               One Indiana Square, Suite 3500
               Indianapolis, IN 46204

P: 317-713-3500
jcovert@taftlaw.com
Counsel for Defendants

Vivek Randle Hadley
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: 317-713-3500
vhadley@taftlaw.com
Counsel for Defendants

Christine Walsh
Taft Stettinius & Hollister LLP (Indianapolis)
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: 317-713-3500
Fax: 317-713-3699
Email: cwalsh@taftlaw.com
Counsel for Defendants

Maria Earley
Morrison & Foerster LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
P: (202) 887-6955
MEarley@mofo.com
Counsel for Defendants

Brian K. Kidd
2100 L. Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
(202) 330-5226 (Fax)
BKidd@mofo.com
Counsel for Defendants

Jenny Morris
Morrison & Foerster LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
P: (202) 575-6770
jennymorris@mofo.com
Counsel for Defendants

### II.     Jurisdiction and Statement of Claims

#### Jurisdiction

Plaintiff states that subject matter jurisdiction for Plaintiff's Truth In Lending Act ("TILA") and Fair Credit Reporting Act ("FCRA") claims arise under 28 U.S.C. § 1331, as TILA and the FCRA are federal statutes. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Defendants agree that jurisdiction over this matter is proper pursuant 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendants also believe that jurisdiction is appropriate over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of parties and the amount in controversy exceeds $75,000.

#### Statement of Claims

Plaintiff: This action stems from an income share agreement ("ISA") made to Plaintiff by SNHU's predecessor, Kenzie Academy. Plaintiff alleges that the income share agreement amounts to a private education loan under TILA and a consumer loan under Indiana law, and as such, the income share agreement was issued and serviced without the requisite Indiana licenses and charged fees in excess of that permitted by state law. Plaintiff also alleges that Kenzie Academy failed to provide the required disclosures under Regulation Z, 12 C.F.R. § 1026.18, and that Launch Servicing violated the FCRA when it failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from a credit reporting agency.

Defendants: Defendants contend that Plaintiff received the education he desired, and knowingly chose an ISA to fund the cost of his tuition. After attending school for a year, Plaintiff graduated and obtained a Computer Software Engineering Certificate. After obtaining his education worth $23,900 and making just a handful of payments, Plaintiff now seeks to invalidate his ISA, receive a full refund of those payments, and for Defendants to remit him three times the cost of his tuition. He seeks relief pursuant to federal claims under TILA, Regulation Z, and the FCRA. He also alleges purported violations under the Indiana Uniform Consumer Credit Code ("IUCCC"), and two fraud-based claims under Indiana law.  However, each of Plaintiff's claims is deficient and should be dismissed as described in more detail in the Defendants' pending Motion to Dismiss and Brief in Support of Motion (D.E. 23 and 24).

### III.    Pretrial Pleadings and Disclosures

   A.     The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before: **April 5, 2024.**

   B.     Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 12, 2024.**

   C.     Defendant(s) shall file preliminary witness and exhibit lists on or before **April 19, 2024.**

3

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 10, 2024.**

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 10, 2024.**
Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. Counsel to email chambers with their respective demands (MJGarcia@insd.uscourts.gov).

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 20, 2024.**
Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 21, 2024**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 6, 2024**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **November 15, 2024.**  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

4

      K.      <u>Discovery of electronically stored information ("ESI")</u>.

Plaintiff anticipates conducting discovery on all issues relating to all issues alleged in Plaintiff's Complaint, the parties, damages, and any answer or affirmative defenses filed by the Defendants.

Defendants anticipate requesting a stay of discovery until their pending Motion to Dismiss for Failure to State a Claim is resolved, which could obviate or significantly limit the need for discovery on Plaintiff's current claims. If this matter moves forward with discovery, Defendants anticipate conducting discovery on all issues relating to the allegations in Plaintiff's Complaint and Plaintiff's ISA, including his entry into the ISA and Plaintiff's consideration thereof.

The Parties agree to work together to resolve all issues related to discovery.

Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, unless another format is specifically requested, production shall be in .PDF or .doc format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**     **<u>Discovery[1] and Dispositive Motions</u>**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff: at this stage, Plaintiff anticipates that a number of issues may be appropriate for resolution on dispositive motion, including whether the income share agreement amounts to a private education loan under TILA and/or a consumer loan under Indiana law and whether the income share agreement contained the required TILA disclosures. Plaintiff does not anticipate resolving his FCRA, fraud, or deceptive practices claims via dispositive motion.

Defendants: at this stage, Defendants believe that all issues are appropriate for resolution on dispositive motion, as explained above and in Defendants' pending Motion to Dismiss.

B. On or before **July 16, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_\_X\_\_\_ Track 2: Dispositive motions are expected and shall be filed by **September 20, 2024**; non-expert witness discovery and discovery relating to

liability issues shall be completed by **August 16, 2024**; expert witness discovery and discovery relating to damages shall be completed by **November 15, 2024**. All remaining discovery shall be completed by no later **December 20, 2024**.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.     Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in October 2024.**

**VI.    Trial Date**

The parties request a trial date in April 2025. The trial is by jury and is anticipated to take 3-4 days.

**VII.   Referral to Magistrate Judge**

   A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B.   **Motions**.  The parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge

**VIII.  Required Pre-Trial Preparation**

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

7

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a

8

    motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.  Other Matters

The parties anticipate filing a joint motion to consolidate this matter with two other pending matters in the Southern District of Indiana, *Buie v. Southern New Hampshire University Corp., et al.*, 1:23-cv-02085-MPB-MDJ and *Ruble v. Southern New Hampshire University Corp. et al.*, 1:23-cv-02197-SEB-TAB, at which time the parties will submit a revised consolidated CMP.

Submitted on December 26, 2023, by:

| | |
|---|---|
| /s/ *Bryan J. Geiger* | /s/ *Jason M. Covert* |
| Bryan J. Geiger | Jason M. Covert |
| SBN 119168 | Attorney No. #29268-53 |
| Seraph Legal, P.A. | TAFT STETTINIUS & HOLLISTER, LLP |
| 2124 W. Kennedy Blvd., Ste. A | One Indiana Square, Suite 3500 |
| Tampa, FL 33606 | Indianapolis, IN 46204 |
| P: (813) 321-2348 | P: (317) 713-3500 |
| BGeiger@seraphlegal.com | F: (317) 713-3699 |
| Counsel for Plaintiff | E: jcovert@taftlaw.com |
| | Counsel for Defendants |

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  9/20/2024<br>  DISCOVERY by 8/16/2024 |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 1/25/2024

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record